UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CURTIS EDWARDS,
    Plaintiff,

vs.                                                                           14-2146

M. BRIGHT, et.al.,
    Defendants.

## MERIT REVIEW OPINION

       This cause is before the court for merit review or the Plaintiff's complaint. The court is required by §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103).

       The Plaintiff alleges his constitutional rights were violated at the Jerome Combs Detention Center by Sergeant Bright, Correctional Officer Villafuerte, Corrections Chief M. Downey, Correctional Officer P. Denault, Nurse Heather and Dr. Brent. Specifically, the Plaintiff says on February 13, 2014, he was "muffed with open palm by C/O M. Villafuerte which resulted in me…defending myself." (Comp, p. 6). The officer then bent the Plaintiff's "arms up backwards toward the back of my head and pushed my face into a window of a door while I was already restrained." (Comp, p. 6). The Plaintiff says Defendant Sergeant Bright was on duty and did not intervene to stop Villafuerte's "overly aggressive" behavior. (Comp., p. 6). The Plaintiff says Defendant Downy and Denault denied his right to press criminal charges, although the Plaintiff admits he spoke to a "sheriff" who declined to press criminal charges. (Comp, p. 6). The Plaintiff does not state whether he was disciplined as a result of the incident, but does allege Officer Villafuerte "lied in his statement saying I was the aggressor and I threw punches…" (Comp., p. 6)

       The Plaintiff finally says he was denied medical attention. He admits he saw a nurse after the incident and mentioned the bruise to his face and arm, but she did not provide any care. The Plaintiff then wrote to the medical department and was seen by Dr. Brent. The doctor prescribed pain pills, but the Plaintiff believes he should have received an x-ray. The Plaintiff says his arm still hurts, but he does not claim he has requested additional medical care from Dr. Brent.

       The Plaintiff alleges Defendant Villafuerte used excessive force against him on February 13, 2014. Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline." *Hudson v.*

1

*McMillian*, 503 U.S. 1, 5 (1992). Relevant factors include the need for force, the relationship between that need and the force applied, the threat reasonably perceived by the defendants, the efforts made to temper the severity of the force employed, and the extent of the prisoner's injury. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *citing Hudson*, 503 U.S. at 7.

It appears the Defendant may have been using force to maintain discipline and security in the prison. Nonetheless, the court must construe the facts in the Plaintiff's favor and he alleges the officer intentionally injured his arm after he had stopped resisting the officer. The Plaintiff also alleges Defendant Bright failed to intervene to stop the use of excessive force.

The Plaintiff also complains that no criminal charges were filed, but he does not have a constitutional right to press charges and admits he had an opportunity to present his claim to the Sheriff's office for review.

Finally, the Plaintiff claims he was denied medical attention. The Plaintiff first claims he reported bruises to Nurse Heather, but she did not provide care. The Plaintiff has not demonstrated he articulated a serious medical condition to this Defendant. In addition, the Plaintiff admits he did see Dr. Brent after he requested medical care and the doctor provided pain medication. The fact that the Plaintiff disagreed with the care provided does not rise to the level of a constitutional violation. "[T]he Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, nor does it (or could it) guarantee a particular outcome or level of comfort in the face of physical maladies." *Gerald v Indiana Dept. of Corrections*, 2009 WL 1795178 at 3 (S.D. Ind. June 23, 2009) *citations omitted*. The Plaintiff also claims his arm still hurts, but does not allege he requested any further care from Dr. Brent or had any further contact with the doctor concerning his arm. The Plaintiff has failed to state an Eighth Amendment violation based on the medical care provided.

The Plaintiff has filed a motion for appointment of counsel.[4]. In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence that he has attempted to find counsel on his own such as a list of attorneys contacts or copies of letters sent or received. Therefore, the motion is denied with leave to renew. [4]

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges: a) Defendant Villafuerte used excessive force against the Plaintiff on February 13, 2014; and b) Defendant Bright failed to intervene to stop the use of force. The claims are stated against the Defendants in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Downey, Denault, Brent and Heather for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motion for appointment of counsel with leave to renew [4]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 4th day of August, 2014.

s/ James E.Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE